IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| ZAYO GROUP, LLC | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 3:21-cv-000535-FDW-DCK |
| | ) |
| NETWORK RESOURCE | ) |
| TECHNOLOGIES CORP., | ) |
| | ) |
|     **Defendant** | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Zayo Group, LLC ("**Zayo**"), respectfully submits this Reply to "NRT's Response in Opposition to Zayo's Motion for Summary Judgment" (the "Response") [Doc. 14], and in further support of Zayo's Motion for Summary Judgment against Defendant Network Resource Technologies Corp. ("**NRT**") (the "Motion") [Docs. 12, 13].

### INTRODUCTION

Zayo and NRT entered into a contractual relationship. NRT contracted for, and accepted, Zayo's for services for its benefit. Zayo provided services to NRT and delivered invoices to NRT for the services rendered, for which Zayo understandably anticipated payment. Payment for Zayo's services were due and payable within thirty (30) days from the date of the invoices. If unpaid after thirty (30) days, the contract provided for a late fees, interest, taxes, and costs of collection. Despite frequent requests for compensation, NRT has not held up its end of the bargain and is in violation of the agreement with Zayo.

In its Response, NRT does not dispute that it ordered, accepted, and used services provided by Zayo at NRT's request. Rather, in reliance upon materials never previously produced to Zayo, NRT apparently contends that it never, in fact, contracted with Zayo and, if so, it need not pay for those services because it believes the rates charged to it by Zayo were incorrect. As set forth in Zayo's Motion, and as amplified in this Reply, NRT's position lacks factual or legal support.

NRT cannot have it both ways. Either it entered into a valid and enforceable agreement with Zayo which it breached, or it accepted and used services provided by Zayo for which it failed to pay. At the time of filing the Motion, Zayo is still owed the amount of $155,048.09, plus late fees, interest, and taxes. Even viewing all of the facts in the light most favorable to NRT, no genuine issues of material fact exist. Therefore, Zayo is entitled to summary judgment against NRT.

## ARGUMENT AND AUTHORITIES

I. **NRT HAS FAILED TO DEMONSTRATE THE EXISTENCE OF ANY GENUINE ISSUE OF MATERIAL FACT PRECLUDING JUDGMENT IN ZAYO'S FAVOR AS A MATTER OF LAW**

The Federal Rules of Civil Procedure require a party to disclose a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii). The universe of documents NRT produced pursuant to its obligation to provide initial disclosures are attached hereto as Exhibit 1. Those documents consist primarily of eleven (11) pages of email correspondence between NRT, Trek Networks, and Windstream Enterprise. On June 23, 2022, NRT's counsel emailed a copy of the document attached to NRT's Response as Exhibit A in connection with the parties' settlement discussions. Otherwise, NRT has never supplemented its initial disclosures as required by Fed. R. Civ. P. 26(e).

None of the documents NRT attached as Exhibits B-N to its Response in an effort to create a genuine issue of material fact to preclude summary judgment for Zayo were previously provided or described to Zayo as mandated by Fed. R. Civ. P. 26(a) or (e). If a party "fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence *on a motion*, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1) (emphasis added). The mandatory exclusion set forth in Rule 37(c)(1) "does not require a finding of bad faith or callous disregard of the discovery rules." *Southern States Rack & Fixture, Inc. v. Sherman-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003). The Fourth Circuit has held that excluding evidence that was not timely disclosed supports the "basic purpose" of Rule 37(c)(1), which is to prevent surprise and prejudice to the opposing party. *Id.* "The Rule 37(c) advisory committee notes emphasize that the *automatic sanction* of exclusion provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence." *Id.* at 595 n.2 (internal quotation marks omitted) (emphasis added)).

The non-disclosing party, "bears the burden of establishing that [its] nondisclosure was substantially justified or was harmless." *Bresler v. Wilmington Trust Co.*, 855 F.3d 178, 190 (4th Cir. 2017). NRT has not met its burden. Indeed, NRT's Response proffers no justification whatsoever for the delay in providing the materials upon which it now argues create a genuine issue of material fact precluding summary judgment for Zayo.

In determining whether a failure to timely disclose evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis, a district court may consider any of the following factors:

(1) the surprise to the party against whom the evidence would be offered;

3

(2) the ability of that party to cure the surprise;

(3) the extent to which allowing the evidence would disrupt the trial;

(4) the importance of the evidence; and

(5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Southern States*, 318 F.3d at 596. In this case, each of the *Southern States* factors weigh in favor of exclusion of NRT's Exhibits B-N.

As for the first factor, Zayo was clearly surprised by NRT's failure to identify the documents upon which it would rely to support its defenses before the discovery cut-off of August 8, 2022. This is especially true considering that the undersigned counsel for Zayo specifically asked NRT's counsel to provide such documents on June 30, 2022 in connection with the parties efforts to resolve this case. *See* June 30, 2022 E-mail from A. Jorgenson to M. Whitticar, Exhibit 2. NRT simply ignored Zayo's request.

With regard to the second factor, Zayo has no way to cure the surprise, which occurred after discovery had closed and after Zayo had filed its Motion. *See Medina v. Multaler*, 547 F.Supp.2d 1099, 1105 n.8 (C.D. Cal. 2007) (holding declaration inadmissible because plaintiff had not disclosed declarant as likely witness before defendants moved for summary judgment, depriving defendants of opportunity to depose him, and plaintiff failed to show that her failure to disclose was substantially justified or harmless).

The third and fourth factors also weigh in favor of exclusion. NRT's untimely production of new documents and information purporting to offer evidence on the dispositive issues in this case is certainly disruptive, given that it comes after discovery is complete, and only after Zayo's summary judgment motion had been filed.

4

The fifth factor, any explanation for NRT's failure to disclose the materials contained in Exhibits B-N of its Response, also weighs in favor of exclusion because NRT has offered no explanation at all. Indeed, each of the documents upon which NRT now relies to avoid summary judgment pre-date the filing of the Motion and the commencement of this action. Thus, had NRT chosen to defend the action on the basis of evidence, if any, contained in Exhibits B-N, it could have timely identified and produced those materials. There is simply no substantial justification for NRT's decision not to do so, and NRT's election to provide those materials only after cannot be deemed harmless.

For all of these reasons, Exhibits B-N of NRT's Response should be excluded and not considered in connection with Zayo's Motion because NRT's failure to timely produce those materials prior to the close of discovery and the filing of Zayo's Motion was neither harmless nor substantially justified. *See Ferrellgas, L.P. v. Best Choice Prods.*, No. 1:16CV259, 2017 U.S. Dist. LEXIS 114809, *21-22 (M.D.N.C. July 24, 2017) (excluding declarations filed in opposition to a motion for summary judgment after finding that failure to make Rule 26 disclosures was neither substantially justified nor harmless); *Niles v. Am. Airlines, Inc.,* 563 F.Supp.2d 1208, 1211-1214 (D. Kan. 2008) (striking affidavit and disregarding medical records for failure to timely disclose affidavit which was not harmless and failure to show that affidavit was to be used solely for impeachment, given that it sought to make affirmative showing of essential element of claim).

Further, because the materials may not be considered in connection with the Motion by operation of Fed. R. Civ. P. 37(c)(1), NRT has failed to sustain its burden to demonstrate the existence of a genuine issue of material fact precluding summary judgment for Zayo. Therefore, Zayo is entitled to judgment as a matter of law.

5

## II. ZAYO AND NRT FORMED A VALID AND ENFORCEABLE CONTRACT

As set forth in Zayo's Motion, there is no dispute that Zayo and NRT formed a valid and enforceable contract. Zayo's evidence establishes that NRT entered into at least two valid Master Service Agreements ("MSAs") with TierPoint and that those MSAs, and all obligations thereunder, were assumed by Zayo, when Zayo acquired McLean from TierPoint. Therefore, because Zayo now stands in the place of TierPoint and has assumed all of its contractual obligations when it acquired McLean, NRT and Zayo are parties to a valid contract.

Notwithstanding the foregoing, and in reliance on *Franco v. Connecticut General Life Ins. Co.*, 818 F.Supp.2d 792, 811 (D.N.J. 2011), NRT now seeks to avoid its obligations under its contract with Zayo claiming that Zayo has failed to plead or produce a valid assignment agreement. NRT's reliance upon *Franco* is misguided.

In *Franco*, employer-sponsored health benefit plan subscribers, out-of-network (ONET) providers, and associations whose members consisted of physicians and non-physicians who provided ONET services brought putative class actions against insurers and owner of database of provider charges, alleging, *inter alia*, violations of the Employee Retirement Income Security Act (ERISA), the Racketeer Influenced and Corrupt Organizations Act (RICO), and the Sherman Act, stemming from the manner in which insurers determined the benefit amount owed to members of health benefit plans when those members sought treatment from ONET providers. Defendants moved to dismiss pursuant to Fed. R. Civ. P 12(b)(6) claiming, among other things, that the ONET providers lacked standing to bring claims against the insurers under ERISA, RICO, and the Sherman Act. *Id.* at 806. The *Franco* court concluded that the allegation in the complaint that plan subscribers assigned their plan benefits to ONET providers failed to plausibly establish that each ONET provider had obtained at least one actual assignment of a patient's right to assert a claim for benefits and pursue litigation under ERISA. *Id.* at 811.

In its Response, NRT fails to explain how the New Jersey district court's opinion concerning pleading standards applicable to federal ERISA litigation, have any conceivable bearing on the issue here – whether Zayo and NRT have entered into a binding and enforceable contract under North Carolina law. More importantly, NRT omits to inform the Court that on appeal, the Third Circuit Court of Appeals reversed the district court's holding finding that:

> The Provider Plaintiffs have pled that they have received from [plan subscribers] and "assignment of benefits," or "a claim assignment . . . through which [the Provider Plaintiff] is paid directly by [Defendant]. These averments are sufficient to plead the existence of a valid assignment to support derivative standing [under ERISA].

*Franco v. Connecticut General Life Ins. Co.*, 647 Fed.Appx. 76, 81-82 (3rd Cir. 2016). Therefore, even were the district court's holding in *Franco* factually analogous, it is not good or controlling law in North Carolina or anywhere else.

Under North Carolina law, parties may be substituted in a contract when "(1) the parties do not object, and (2) fully acquiesce in accepting the services performed by the substituted party." *Rape v. Lyerly*, 23 N.C.App. 241, 249, 208 S.E.2d 712, 716-17 (1974), *aff'd*, 287 N.C. 601, 215 S.E.2d 737 (1975). In the present case, NRT has offered no evidence that it objected to Zayo's assumption of NRT's agreements with TierPoint, and it is undisputed that NRT requested, accepted, and used the services Zayo provided. Thus, NRT's contention that it is absolved of liability to pay for those services because there exists no valid contract between NRT and Zayo fails as a matter of law.

### III. ZAYO IS ENTITLED TO EQUITABLE RELIEF IN THE ALTERNATIVE

While NRT claims in its Response that no valid and enforceable contract exists between the parties, it nonetheless contends that Zayo's alternative equitable claims fail because "there is an express written contract between the parties." *See* Response at 19 [Doc. 14]. NRT's argument misses the mark.

7

Zayo's own Complaint and Motion allege that there was an express contract between NRT and Zayo, but the allegations of its equitable claims, including the claim in *quantum meruit* are asserted in the alternative to the express contract claim. It is well-established that "[l]iberal pleading rules permit pleading in the alternative," and that theories may be pursued in the complaint even if plaintiff may not ultimately be able to prevail on both. *Catoe v. Helms Const. & Concrete Co.,* 372 S.E.2d 331, 335 (N.C. App. Ct. 1988); *Concrete Serv. Corp. v. Investors Group, Inc.,* 340 S.E.2d 755, 759 (N.C. App. Ct. 1986) ("There is no requirement that all claims be legally consistent"); *accord Ernst v. North American Co. for Life and Health Ins.*, 245 F.Supp.3d 680, 687 (M.D.N.C. 2017) ("As a general matter, however, an equitable claim can be alleged as an alternative to a legal claim.") (citing Fed. R. Civ. P. 8(b)(2), (3)).

To recover on a claim of unjust enrichment under North Carolina law, Zayo must prove that: (1) it conferred a benefit on NRT; (2) NRT consciously accepted the benefit; and (3) the benefit was not conferred gratuitously or by an interference in the affairs of the other party (*i.e.*, the benefit conferred must have been invited and measurable). *See Southeastern Shelter Corp. v. BTU, Inc.*, 572 S.E.2d 200, 206 (N.C. App. Ct. 2002); *Booe v. Shadrick*, 369 S.E.2d 554, 556 (N.C. 1988). Zayo has offered undisputed evidence sufficient to establish each of these elements.

First, it is undisputed that NRT solicited and/or requested Zayo and its predecessors-in-interest to provide certain services for NRT's benefit in exchange for compensation, and Zayo agreed. Thereafter, it is undisputed that Zayo provided the requested services directly to NRT for NRT's sole benefit, and which NRT consciously accepted. Finally, it is undisputed that the services Zayo provided to NRT were not gratuitous or uninvited. To the contrary, Zayo has offered undisputed evidence that it provided the services with the expectation of being paid, submitted monthly invoices reflecting the services performed and charges due, and made frequent requests

for payment of amounts due and owing. Therefore, because Zayo has produced undisputed evidence sufficient to establish the elements of unjust enrichment and NRT has failed to sustain its burden to demonstrate the existence of a genuine issue of material fact, Zayo is entitled to summary judgment on its unjust enrichment claim in the alternative.

## CONCLUSION

For the foregoing reasons, Zayo respectfully requests that the Court grant summary judgment in its favor and against NRT in the amount of $155,048.09, plus applicable interest, late fees, and taxes.

Respectfully submitted this 26th day of September, 2022.

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

By: *s/ Anthony J. Jorgenson*
Anthony J. Jorgenson
*pro hac vice*
100 North Broadway, Suite 2900
Oklahoma City, OK 73102-8865
Telephone: (405)553-2828
Facsimile: (405) 553-2855
Email: ajorgenson@hallestill.com

And

Sean C. Wagner
N.C. State Bar No. 50233
Derek M. Bast
N.C. State Bar No. 49069
WAGNER HICKS PLLC
831 E. Morehead Street, Suite 860 Charlotte,
North Carolina 28202
Telephone: (704) 705-7358
sean.wagner@wagnerhicks.law
derek.bast@wagnerhicks.law

**ATTORNEYS FOR PLAINTIFF ZAYO GROUP, LLC**

# CERTIFICATE OF SERVICE

On September 26, 2022, I submitted the foregoing document with the Clerk of the Court for the United States District Court for the Western District of North Carolina, Charlotte Division. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b).

*/s/ Anthony J. Jorgenson*

2675050.1:006214.00022